IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| JEFFREY L. WEBB and<br>THOMAS LEONARD JOSEY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 5:05-cv-00022 |
| KEWAUNEE SCIENTIFIC<br>EQUIPMENT CORPORATION, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

**CONSENT PROTECTIVE ORDER**

COME NOW the parties and file this their Consent Protective Order pursuant to the terms of the Court's April 26, 2006 Order.

## I. INTRODUCTION

On April 26, 2006, the Court granted Defendant's Motion to Stay Discovery and Motion to Disqualify Plaintiffs' Counsel and Plaintiffs' Counsel's firm. In its Order, the Court also instructed the parties to attempt to enter into a Consent Protective Order regarding the return of all Company materials in possession of Plaintiffs, Plaintiffs' counsel and Plaintiffs' counsel's firm identified by Defendant in its Motion For Protective Order and documents referenced by category and bates-stamp number in its Supplement Filed Under Seal To Its Motion For Protective Order.

## II. MATERIALS COVERED BY THE TERMS OF THIS ORDER

Plaintiffs currently have in their possession the following categories of information: attorney client privileged communications, self critical analysis involving internal issues, confidential severance agreements, personnel file information and wage information of parties not involved in the above-referenced litigation, as well as information involving Defendant's

health care decision and other documents that they should have only obtained through the litigation discovery process.

In addition to these documents, Plaintiffs' counsel also possesses a copy of a compact disc , containing information copied from the Company-owned computer of Laura Jent, Defendant's Former Director of Human Resources. Some of the information on this disc is password protected. Ms. Jent originally provided the disc to plaintiffs' counsel who returned it (without retaining a copy) to defendant's counsel. Ms. Jent had also provided Plaintiff Webb with a copy of this disc. Plaintiffs' counsel maintains that the copy obtained from Mr. Webb contains information protected by the attorney/client privilege of his clients. A redacted version was produced to Defendant in response to Defendant's written discovery requests.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs, Plaintiffs' counsel and Plaintiffs' counsel's firm shall identify and return to Defendant's counsel the originals, as well as any and all copies of those documents (within the documents bates-stamped P0001 to P1530) which Ms. Jent had no right to retain, as described above, within fifteen (15) days from the date of this Order.

2. Plaintiffs, Plaintiffs' counsel and Plaintiffs' counsel's firm shall specifically identify, by bates-stamp numbers, all documents not returned pursuant to paragraph 1 above within the documents bates-stamped P0001-P1530, which plaintiffs contend are documents properly obtained or received by plaintiffs or Laura Jent as employees of defendant, documents received by plaintiffs in the course of discovery or disclosures in this action, or documents which are generally accessible to the public, which Plaintiffs contend are not confidential documents, and should not be subject to this Order, within fifteen (15) days from the date of this Order. If Defendant/Defendant's counsel disagrees with Plaintiffs' designation, the parties shall meet and

confer in an effort to resolve the disagreement. In the event the parties are unable to resolve the agreement, then each shall file with the Court a statement of their position, along with copies of any such documents in dispute to be filed under seal within twenty-five (25) days from the date of this Order.

3. Neither Plaintiffs, Plaintiffs' counsel, nor other attorneys, staff, and/or employees of Plaintiffs' counsels' firm, are allowed to retain any copies of the documents subject to paragraph 1. Further, all are prohibited from providing copies, summaries of documents, portions of any documents returned pursuant to paragraph 1, or allowing access to or the review of such documents to any third party, including any subsequent legal counsel Plaintiffs retain. Additionally, Plaintiffs, Plaintiffs' counsel, or other attorneys, staff, and/or employees of Plaintiffs' counsel's firm are prohibited from discussing the contents of the documents returned pursuant to paragraph 1. In addition, Plaintiffs, Plaintiffs' counsel or other attorneys, staff, and/or employees of Plaintiffs' counsel's firm are prohibited from disclosing or allowing access to the review of the documents described in paragraph 2 to any third party, or discussing the contents thereof, including any subsequent legal counsel plaintiffs retain, pending any final resolution of their disagreement by settlement or by order of this Court.

4. With regard to Plaintiff Webb's copy of the compact disc described above, Plaintiffs/Plaintiffs' counsel shall identify information or documents they contend constitutes confidential information and produce it to the Court along with counsel's description of the documents, all of which shall be filed under seal, with notice of filing to defendants for an in-camera inspection within fifteen (15) days from the date of this Order. The Court will determine if the information identified constitutes plaintiffs' counsel's confidential information and is not Defendant's property. To the extent necessary, the Court may seek clarification by either party

as to the ownership of the information provided to it for inspection. During the time period that the Court is reviewing the material, Plaintiffs, Plaintiffs' counsel, and other attorneys, staff, and/or employees of Plaintiffs' counsel's firm are prohibited from allowing access to or discussing the contents of the disc to any third party.

5. Upon completion of the Court's in-camera inspection, Plaintiff Webb will redact the information that the Court deems Plaintiffs/counsel's own confidential information and return to Defendant's counsel the redacted compact disc within fifteen (15) days from the Court rendering a decision as to the in-camera inspection. Neither Plaintiffs, Plaintiffs' counsel, nor other attorneys, staff, and/or employees of Plaintiffs' counsels' firm, are allowed to retain any copies of documents ordered returned. Further, all are prohibited from providing copies, summaries of documents, portions of any documents, or allowing access to or the review of such documents to any third party, including any subsequent legal counsel Plaintiffs retain.

6. At the time of the final return of documents pursuant to this Order, each Plaintiff will sign an affidavit affirming that he has provided all original documents, compact discs, and copies of the documents ordered returned to Defendant in his possession. Plaintiffs will also each attest that neither has shared, knowingly allowed the review of, knowingly provided access to, or provided copies of the materials covered by this Order to any third person, including any subsequent legal counsel. Similarly, Plaintiffs' counsel will attest that he, his firm, its attorneys, staff, and employees have returned all the materials ordered returned and copies of such materials known to them and in their possession. Plaintiffs' counsel will attest that he, his firm, its attorneys, staff, and employees, have not knowingly allowed the review of, or provided copies to any third person, including any subsequent legal counsel. Should either Plaintiffs, Plaintiffs' counsel, or Plaintiffs' counsel's firm determine that they inadvertently failed to provide materials

ordered returned, they are to immediately return such materials to Defendant's counsel and so notify the Court explaining the circumstances surrounding the failure to originally provide the materials so ordered returned;

7. To the extent that Plaintiffs, Plaintiffs' counsel, its attorneys, staff, and/or employees of Plaintiffs' firm have provided copies of materials subject to this Order, to any third person, they are ordered to identify that person, that person's last known address and telephone number, the date of such production, and the material provided.

Signed: July 12, 2006

_____
David C. Keesler
United States Magistrate Judge

CONSENTED TO:

| /s/ Robert M. Elliot | /s/ Stephen D. Dellinger |
| NC State Bar No: 7709 | NC State Bar No: 16609 |
| Attorney for Plaintiffs | Attorney for Defendant |
| Elliot Pishko Morgan, P.A. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| 426 Old Salem Road | 400 West Trade Street |
| Winston-Salem, NC 27101 | Charlotte NC 28202-1627 |
| Telephone: (336) 724-2828 | Telephone: (704) 342-2588 |
| Facsimile: (336) 714-4499 | Facsimile: (704) 342-2588 |
| rmelliot@epmlaw.com | steve.dellinger@OgletreeDeakins.com |